UNITED STATES COURT DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARGOYLE GRANITE & MARBLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPUSTONE, LLC, dba OPUSTONE STONE TILE CONCEPTS; CH ROBINSON WORLDWIDE, INC.; and UPS GROUND FREIGHT, INC., dba UPS FREIGHT, <br><br> Defendants. | Ct. No. 2:21-cv-00127-MMB <br><br> **OPINION AND ORDER STRIKING PLAINTIFF'S STIPULATION OF DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Gargoyle Granite & Marble has filed a "stipulation for dismissal without prejudice" of its claims against Defendant CH Robinson Worldwide, Inc. (ECF 30), as well as a "Memorandum of Costs and Fees" seeking recovery of $75,829.77 from Defendant UPS Ground Freight, Inc. (ECF 31), which the court construes as a motion for entry of default judgment. For the reasons set forth below, the court strikes Gargoyle's stipulation of dismissal and denies its motion for entry of default judgment as to UPS.

## Factual and Procedural Background

Gargoyle, an entity in Northern Idaho, purchased ornamental stone from Opustone, LLC, a vendor in Miami, Florida, for installation in a construction project. Robinson arranged for shipment through UPS. During shipment, the stone was damaged and Gargoyle refused to accept delivery.

Gargoyle then brought this action against Opustone, Robinson, and UPS. ECF 1. Gargoyle's complaint alleges four counts. *Id.* ¶¶ 17–32. Count One alleges that UPS and Robinson are liable for the actual loss of or injury to the product under the Carmack Amendment, 49 U.S.C. § 14706, as "motor carriers" or "freight forwarders." *Id.* ¶ 18. Count Two alleges that Opustone breached its contract with Gargoyle. *Id.* ¶¶ 22–23. Count Three asserts a UCC claim against Opustone under Idaho law. *Id.* ¶¶ 25–28. Finally, Count Four alleges negligence against "Defendants." *Id.* ¶¶ 29–32.

After Gargoyle effectuated service of process on all three defendants, ECF 5, 6, 8, Robinson and Opustone moved to dismiss. ECF 15, ECF 13. UPS, however, failed to respond or otherwise appear and the Clerk entered UPS's default under Fed. R. Civ. P. 55(a) on July 15, 2021. ECF 23.

On November 22, 2021, the court resolved motions to dismiss filed by Opustone and Robinson. ECF 29. In relevant part, the court (1) dismissed Gargoyle's claims against Opustone with prejudice; (2) dismissed Count One *without* prejudice insofar as it related to Robinson; and (3) dismissed Count Four *with* prejudice insofar as it related to Robinson. ECF 29, at 43–44. The order gave Gargoyle 28 days to replead Count One's Carmack Amendment claim against Robinson, and further provided that if Gargoyle failed to do so, "Count One shall be deemed dismissed with prejudice insofar as it relates to

Robinson." *Id.* at 44. Thus, Gargoyle had until December 20, 2021, to replead Count One as to Robinson.

Instead of so repleading Count One, on December 16, 2021, Gargoyle filed a stipulation between itself and Robinson. The stipulation states that "the parties wish to dismiss this litigation without pursuing and/or defending any amended pleading," ECF 30, at 1, and further states that Gargoyle and Robinson "hereby stipulate and agree that this action shall be dismissed against CH Robinson Worldwide, Inc.[,] without prejudice, each party to bear its own costs and fees," *id.* at 2.

On the same day, Gargoyle filed a document titled "Memorandum of Costs and Fees." ECF 31. This document takes the form of a two-page affidavit from Gargoyle's counsel requesting entry of judgment of $75,829.77 against UPS. *Id.* at 2. As the basis for that figure, the document merely itemizes the filing fee ($402.00), the cost of serving UPS ($65.40), the damages ($60,362.37) requested in the complaint, and the attorney's fees ($15,000) requested in the complaint if judgment were entered by default. *Id.* Gargoyle attached no evidence in support of the claimed amounts. Nor did Gargoyle assert any legal argument demonstrating UPS's liability under Counts One and Four if the facts alleged in the complaint are taken as admitted.

In connection with both filings, Gargoyle tendered a proposed judgment via e-mail to the Case Manager; for purposes of the appellate record, it is attached hereto as an addendum.[1]

**Discussion**

**I.**

Rule 41 of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without a court order via either of two means: (i) filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), or (ii) filing "a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii). The court construes the document as a Rule 41(a)(1)(A)(i) notice of dismissal as to Gargoyle's claims against Robinson.

"Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and "[t]he filing of a notice of

---

[1] The court has modified the document by adding the word "Proposed" to the document title and the words "Proposed Judgment, Not Signed" to the signature block.

OPINION AND ORDER STRIKING PLAINTIFF'S STIPULATION OF DISMISSAL
AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
4

voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Id.*

Notwithstanding that principle, the court is unaware of any authority allowing a plaintiff to voluntarily dismiss its claims without prejudice *after* the court has already dismissed those claims. In the court's view, Rule 41(a)(1) necessarily presupposes the existence of live claims to be voluntarily dismissed. As the court dismissed Gargoyle's claims against Robinson on November 22, 2021, there were no claims left for Gargoyle to voluntarily dismiss when it filed its stipulation three weeks later. In short, Gargoyle closed the barn door after the horse escaped.

The court therefore strikes the purported stipulation of dismissal because that document is a legal nullity. The court, however, will extend the time for Gargoyle to replead Count One as to Robinson until January 3, 2022.[2] If Gargoyle fails to so replead by that deadline, Count One will be deemed dismissed with prejudice as to Robinson.

---

[2] The court acknowledges that Gargoyle could nevertheless replead Count One by the extended deadline and then immediately thereafter voluntarily dismiss that claim without prejudice under Rule 41(a)(1). That would be permissible because the repleaded claim would then—and only then—be extant. So doing, however, would preclude entry of a default judgment against UPS—which Gargoyle evidently seeks—for the reasons explained below.

## II.

The process of obtaining a default judgment in federal court involves two steps. First, the plaintiff must demonstrate that a defendant "has failed to plead or otherwise defend," upon which the Clerk of Court must enter that defendant's default. Fed. R. Civ. P. 55(a). Second, the plaintiff must seek entry of a default judgment. Fed. R. Civ. P. 55(b). In this case, the Clerk of Court entered UPS's default under Rule 55(a) on July 15, 2021. ECF 23. Therefore, the court construes Gargoyle's "Memorandum of Costs and Fees" as a motion for default judgment against UPS under Rule 55(b).

There are two ways in which a default judgment may be entered under Rule 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2), and in such cases the court may conduct hearings as needed to, *inter alia*, determine the amount of damages,

establish the truth of any allegation by evidence, or investigate any other matter, Fed. R. Civ. P. 55(b)(2)(B)–(D).[3]

## A.

Whether Gargoyle's "Memorandum of Costs and Fees" is characterized as brought under Rule 55(b)(1) or Rule 55(b)(2), the Clerk (in the case of Rule 55(b)(1)) and the court (in the case of Rule 55(b)(2)) would still have to deny it at this time because there is an antecedent obstacle. The Ninth Circuit has held—applying the time-honored principles set forth in *Frow v. De La Vega*, 15 Wall. 552 (1872)—that where a case involves two similarly-situated defendants, a default judgment should not be entered against one defendant until the

---

[3] In addition to ensuring that the requirements of either Rule 55(b)(1) or (2) are satisfied, before entering a default judgment a district court in the Ninth Circuit must also determine that it has both subject-matter jurisdiction and personal jurisdiction over the defaulting party. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). The court has previously determined that it has federal question subject-matter jurisdiction over this action based on Gargoyle's Carmack Amendment claims. *See* ECF 29, at 6. As to personal jurisdiction over UPS, Gargoyle's claim against it arises out of a contract between UPS and Robinson whereby the former agreed to ship cargo from Opustone in Miami to Gargoyle in Idaho. *See* ECF 19-2, ¶7 (declaration of Chris Ugarte, in-house counsel at Robinson). For essentially the same reasons that the court concluded it had personal jurisdiction over Opustone, *see* ECF 29, at 14–19, the court concludes that it similarly has personal jurisdiction over UPS. The company purposely availed itself of the privilege of doing business in Idaho by contracting to ship cargo there, Gargoyle's claim arises out of that contact with Idaho, and the exercise of personal jurisdiction over UPS, an interstate shipper, is reasonable here. Thus, the court has jurisdiction to enter a default judgment against UPS.

matter has been adjudicated on the merits as to the other defendant. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The court explained that any other rule would allow for the illogical and incongruous scenario in which the defaulting defendant is held liable for damages on a claim that is later rejected on the merits against the other defendant. *Id.* And under this rule, if adjudication of a claim against a similarly-situated defendant necessarily exonerates or absolves a defaulting defendant, neither the clerk nor the court can thereafter enter a default judgment against the defaulting defendant. *See Grumpy Cat Ltd. v. Grenade Beverage LLC*, No. SACV 15-2063-DOC (DFM), 2016 WL 7507768, at *4 (C.D. Cal. Sept. 21, 2016) ("The Ninth Circuit reasoned that it would not be fair or just for defaulting defendants to have a final judgment entered against them while co-defendants have disproved the same claims.").

Here, Gargoyle asserts two counts against both UPS and Robinson—Counts One and Four.

### 1.

Count One of Gargoyle's complaint alleges that UPS and Robinson, as "motor carriers or freight forwarders," are liable under the Carmack Amendment "for the actual loss or injury" to the stone, "which occurred during shipping." ECF 1, ¶ 18.

The court has dismissed Count One as to Robinson without prejudice for the reason that the complaint fails to adequately plead facts that the company is either a "motor carrier" or "freight forwarder," and, as described above, the court has extended the time for Gargoyle to replead until January 3, 2022. If Gargoyle opts not to replead and lets nature take its course, Count One will be deemed dismissed with prejudice as to Robinson, and thereby finally adjudicated.

That adjudication—if Gargoyle allows it to happen by failing to replead by January 3, 2022—will not bar the subsequent entry of default judgment as to UPS, because it will establish that Robinson is not a "motor carrier" or "freight forwarder," meaning that Robinson and UPS are *not* similarly situated.

On the other hand, if Gargoyle opts to replead Count One as to Robinson—or repleads it and then immediately dismisses it without prejudice—neither the clerk nor the court could enter default judgment against UPS as to Count One until after that identical claim is adjudicated as to Robinson (even if that adjudication is in some other court), because that adjudication might establish that even if Robinson is a "motor carrier" or "freight forwarder" as repleaded, the claim fails for some other reason that also necessarily defeats the common claim against UPS. Accordingly, as Count One as to Robinson has

OPINION AND ORDER STRIKING PLAINTIFF'S STIPULATION OF DISMISSAL
AND DENYING PLANTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
9

not yet been finally adjudicated, Gargoyle's motion for entry of default judgment must be denied without prejudice as to that count.

**2.**

Count Four of Gargoyle's complaint asserts a state law tort claim alleging that the negligence of "Defendants," including UPS and Robinson, caused damage to Gargoyle's stone during shipment from Florida to Idaho. *See* ECF 1, ¶¶ 30–32. The court previously ruled that the Carmack Amendment preempts state law tort claims against "motor carriers," "freight forwarders," and "brokers,"[4] and accordingly dismissed Count Four as to Robinson with prejudice. *See* ECF 29, at 32–34.

Because Robinson and UPS are similarly situated as to Count Four—both are alleged to be either "motor carriers" or "freight forwarders"—and because the court has already held that the Carmack Amendment preempts the state law tort claims against Robinson if it is a "motor carrier" or "freight forwarder," neither the Clerk nor the court can enter default judgment against UPS as to Count Four. Accordingly, the court denies with prejudice Gargoyle's motion for entry of default judgment against UPS as to Count Four.

---

[4] Robinson contends that it is a "broker" for Carmack Amendment purposes.

## B.

Putting aside its evidentiary deficiencies (discussed in Part C below), Gargoyle's motion is not properly brought under Rule 55(b)(1), because the motion's general claim for damages is not for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1); *see* Wright & Miller, 10A *Federal Practice & Procedure—Civil* § 2683 (4th ed. 2021) (noting that although "[t]his requirement obviously is met when the damages claimed are for a liquidated amount," it "is not met, however, when there is only a generalized statement of the amount due in plaintiff's complaint"). "In the vast majority of cases, a judicial determination is necessary to decide the extent of injury or the valuation of the plaintiff's loss." 10 *Moore's Federal Practice—Civil* § 55.20 (2021).

Similarly, Gargoyle's claim for attorney's fees is not a sum certain for Rule 55(b)(1) purposes. *See Branded Online Inc. v. Holden LLC*, No. SA CV 15-0390-DOC (DFMx), 2016 WL 8849024, at *1 (C.D. Cal. Jan. 8, 2016) ("[A] calculation of reasonable attorneys' fees is not a sum certain calculation") (quoting *Phillips 66 v. Grainer*, No. 1:13-cv-1890-LJO-BAM, 2015 WL 3797396, at *2 (E.D. Cal. June 18, 2015)).

C.

Because Gargoyle's motion is not eligible for consideration by the Clerk under Rule 55(b)(1), it must be considered by the court under Rule 55(b)(2). When a plaintiff seeks entry of default judgment under Rule 55(b)(2), "the Court must determine whether the allegations of a plaintiff's complaint establish his or her liability." *UN4 Productions., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). "The court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *Id.* (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). "Where the alleged facts establish a defendant's liability," the court has discretion to enter default judgment. *Id.* (citing *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "If plaintiff seeks an award of damages, it must provide the Court with evidence to establish the amount." *Id.* (citing *TeleVideo Sys.*, 826 F.2d at 917–18).

1.

Here, Gargoyle makes no attempt to explain or demonstrate how the factual allegations of its complaint, if taken as true, establish UPS's liability

under the Carmack Amendment.[5] This failure alone warrants denial of Gargoyle's motion as to its claim for damages under Count One.

Nor has Gargoyle made any effort to explain the legal basis for its claim for attorney's fees under Count One. "[E]stablished federal common law disfavors the award of attorney's fees in federal question cases absent an express congressional directive," *Resolution Trust Corp. ex rel. Home Sav. Bank, F.S.B. v. Gillam*, 952 F.2d 1152, 1162 (9th Cir. 1991), so a party seeking such fees must cite the authority allowing for such a departure. Gargoyle has not done so here, which warrants denial of its motion as to its claim for attorney's fees.

### 2.

Even if Gargoyle's motion established UPS's *liability* for Carmack Amendment damages and attorney's fees under Count One, its motion would still fail because it failed to substantiate its damages and attorney's fees claims with evidence. "The court must ensure that the amount of damages is reasonable and demonstrated by the plaintiff's evidence." *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014) (citing, *inter alia*, *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002) ("[T]he evident policy of [Rule

---

[5] Gargoyle's cryptic and conclusory complaint similarly makes no effort to explain why UPS is liable under the Carmack Amendment even if the factual allegations of the complaint are taken as true.

55(b)] is that even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages.") (alterations in *Getty*)). The absence of evidence to support Gargoyle's damages and attorney's fees[6] claims is fatal.

* * *

The court therefore denies Gargoyle's motion for entry of default judgment (so construed) against UPS as to Count Four with prejudice because the court has previously rejected that claim as to Robinson, which is similarly situated.

As to Count One, the court denies Gargoyle's motion for entry of default judgment as to UPS without prejudice to refiling upon final adjudication of Count One as to Robinson. The court so denies Gargoyle's motion as to Count One without prejudice because (1) Gargoyle's identical Carmack Amendment claim against Robinson in Count One has not been resolved on the merits; (2) even if that predicate requirement were satisfied, Gargoyle has failed to

---

[6] To justify its attorney's fees claim for $15,000, Gargoyle must supply evidence such as counsel's invoices showing the hours worked, the hourly rate billed to the client, and the reasonableness of the rates charged. *Cf. Exxon Mobil Corp. v. Future Group LLC*, No. 1:12-cv-456 AWI DLB, 2012 WL 3156798, at *2 (E.D. Cal. Aug. 1, 2012) (finding declaration of counsel listing attorneys who worked on case, giving total sum of fees, and stating that it was the firm's customary fee and a reasonable amount, to be insufficient to satisfy party's burden of producing evidence, and listing examples of evidence needed) (citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

demonstrate UPS's liability for damages and attorney's fees under the Carmack Amendment; and (3) Gargoyle has failed to submit evidence substantiating its claims for damages and attorney's fees under the Carmack Amendment.

## Conclusion

Gargoyle must decide whether it wishes to pursue the default claim against UPS as to Count One now by giving up its claim against Robinson (by allowing the dismissal of Count One with prejudice as to Robinson to take effect on January 4, 2022) or whether it would prefer to prosecute its Count One claim against Robinson now and defer seeking a default judgment against UPS until after the litigation with Robinson is resolved. After its Carmack Amendment claim against Robinson in Count One is adjudicated on the merits, in this court or elsewhere, Gargoyle may also file a renewed motion for entry of default judgment against UPS as to the same claim.[7]

## ORDER

For the reasons stated above, it is hereby **ORDERED** as follows:

1. The document titled "Stipulation for Dismissal Without Prejudice of CH Robinson Worldwide, Inc." (ECF 30) is **STRICKEN**.

---

[7] But as discussed above, if Robinson defeats Gargoyle's claim on the merits for reasons that also apply to Gargoyle's claim against UPS, that will bar entry of default judgment as to UPS.

OPINION AND ORDER STRIKING PLAINTIFF'S STIPULATION OF DISMISSAL AND DENYING PLANTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

...

2. Not later than January 3, 2022, Gargoyle may file an amended complaint repleading Count One's Carmack Amendment claim against Robinson. If Gargoyle fails to do so, Count One shall be deemed dismissed with prejudice insofar as it relates to Robinson.

3. The court construes the document filed by Gargoyle and titled "Memorandum of Costs and Fees" (ECF 31) as a motion for entry of default judgment against Defendant UPS, and that motion is **DENIED WITHOUT PREJUDICE** as to Count One of Gargoyle's complaint, and **DENIED WITH PREJUDICE** as to Count Four.

Dated: December 20, 2021

/s/ *M. Miller Baker*
M. Miller Baker, Judge[8]

---

[8] Judge of the United States Court of International Trade, sitting by designation.

OPINION AND ORDER STRIKING PLAINTIFF'S STIPULATION OF DISMISSAL
AND DENYING PLANTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
16

# Addendum
# (Proposed judgment submitted by Gargoyle)

JAMES G. REID (ISB #1372)
JENNIFER REID MAHONEY (ISB #5207)
J. REID & ASSOCIATES
1211 W. Myrtle St., Suite 350
Boise, Idaho 83702
Telephone: (208) 342-4591
Facsimile:  (208) 342-4657
jreid@reidlawboise.com
jmahoney@reidlawboise.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARGOYLE GRANITE & MARBLE, INC., an Idaho Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>OPUSTONE, LLC, dba OPUSTONE STONE TILE CONCEPTS, a Florida limited liability corporation; CH ROBINSON WORLD-WIDE, INC. a Delaware corporation; and UPS GROUND FREIGHT, INC., dba UPS FREIGHT, a Virginia corporation,<br><br>    Defendants. | Case No. 2:21-CV-00127-MMB<br><br>**[PROPOSED] JUDGMENT** |

    JUDGMENT is entered as follows:

    1.    Defendant OPUSTONE, LLC, dba OPUSTONE STONE TILE CONCEPTS is dismissed with prejudice.

    2.    Defendant CH ROBINSON WORLDWIDE, INC. is dismissed without prejudice.

[PROPOSED] JUDGMENT—PAGE 1

3.     Judgment is entered against Defendant UPS GROUND FREIGHT, INC., dba UPS FREIGHT in the amount of **$75,829.77.**

    DATED this \_\_\_\_\_ day of December, 2021.

                                            **[PROPOSED JUDGMENT, NOT SIGNED]**
                                            M. Miller Baker, Judge